11-17869

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

TERI H. NGUYEN

Plaintiff-Appellant,

v.

BANK OF AMERICA, N.A. and JPMORGAN CHASE BANK,

Defendants-Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

---

PLAINTIFF-APPELLANT'S REPLY BRIEF

---

Julie Cliff, Esq.
Attorneys for Plaintiff-Appellant
1361 S. Winchester Blvd., Suite 111
San Jose, CA  95128
Telephone:  (719) 331-0727

TABLE OF CONTENTS

I.     ARGUMENT ......................................................................................1

  A.  Summary of Argument ................................................................1

  B.  The Trial Court Erred in Dismissing Nguyen's Claim for Violation Of
  California Civil Code § 2923.5 ........................................................2

  C.  Nguyen's First Amended Complaint States Facts Sufficient To State A Claim
  For Relief For Wrongful Foreclosure. ................................................8

  D.  Nguyen's First Amended Complaint Alleged Facts Sufficient to State a
  Claim For Cancellation Of Instrument. ............................................12

  E.  Nguyen's First Amended Complaint Adequately States A Claim For Relief
  For Slander Of Title. ....................................................................14

  F.  Nguyen's First Amended Complaint Alleges Facts Sufficient To State A
  Claim For Injunctive Relief. ..........................................................15

  G.  Nguyen's First Amended Complaint States Facts Sufficient To State A Claim
  For "Quasi-Contract." ..................................................................16

  H.  Nguyen's First Amended Complaint States Facts Sufficient To State A Claim
  For Unfair Business Practices. .......................................................16

  I.  Nguyen Should Have Been Granted Leave To Amend ................................18

II.    CONCLUSION ................................................................................19

III.   CERTIFICATE FOR BRIEF IN PAPER FORMAT ....................................22

TABLE OF AUTHORITIES

## Cases

*Aniel v. GMAC Mortgage, LLC* (N.D.Cal., Nov. 2, 2012, No. C 12-04201 SBA) 2012 WL 5389706 ................................................................................12

*Argueta v. J.P. Morgan Chase* (E.D.Cal. 2011) 787 F.Supp.2d 1099, 1107 ...........8

*Barrionuevo v. Chase Bank,* 885 F.Supp.2d 964, 976-977 (N.D.Cal. 2012) ...........8

*Culhane v. Aurora Loan Services of Nebraska, supra*, 708 F.3d at p. 290 .............12

*Forman v. Davis*, 371 U.S. 178, 182 (1962)........................................................20

*Glaski v. Bank of America, N.A.*, 218 Cal.App. 4th 1079 (2013) .............................9

*Gonzalez v. Raich*, 545 U.S. 1 (2005).................................................................17

*Howard v. Schaniel*, 113 Cal.App.3d 256, 263-64 (1980) ......................................16

*In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005) ...................................20

*Intengon v. BAC Home Loans Servicing, LP*, 214 Cal.App.4th 1047 (2013) ...........5

*Intri-Plex Techs. v. Crest Grp., Inc.*, 49 F.2d 1048, 1056 (9th Cir. 2007) ..............20

*Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369...................................6

*Joslin v. H.A.S. Ins. Brokerage*, 184 Cal.App.3d 369, 374-5 (1986) .......................7

*lmutarreb v. Bank of New York Trust Co., N.A.* (N.D.Cal., Sept. 24, 2012, No. C 12-3061 EMC) 2012 WL 4371410....................................................................13

*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)...............................................20

*Mabry v. Superior Court*, 185 Cal.App. 4th 208, 235-236 (Cal. App. 2010) ...........7

*Manhattan Loft, LLC v. Mercury Liquors, Inc.,* 173 Cal.App.4th 1040,1051 (2009) ................................................................................................................16

*Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003)........................................17

*Sacchi v. MERS, et al.*, (2011) (U.S. Dist. Ct., CD of Cal. case no. 11-cv-1958)...15

*Seeley v. Seymour*, 190 Cal.App.3d 844, 858 (1987) .............................................16

*Skov v. U.S. Bank National Assn*. (2012) 207 Cal.App.4th 690 ...............................6

## Statutes

28 U.S.C. § 1291 ..................................................................................................1

28 U.S.C. § 2201(a) ..............................................................................................1

Cal. Bus. & Prof. Code § 17200 ............................................................................4

Cal. Civ. Code § 2923.5........................................................................ 4, 16, 21, 22

## Rules

Fed.R.Civ.P. 65 ................................................................................................18

Fed.R.Civ.P. 12(b)(6)................................................................... 13, 14

**Treatises**

*4 WITKIN, SUMMARY OF CALIFORNIA LAW (10TH ED. 2005) SECURED TRANSACTIONS IN REAL PROPERTY*, 168............................................................................23

*MILLER AND STARR*, CALIFORNIA REAL ESTATE 3D, RECORDING PRIORITIES, 108-109
.................................................................................................................17

# I.     ARGUMENT

## A.     Summary of Argument

The trial court erred in dismissing Nguyen's claim based upon violation of California Civil Code § 2923.5.  There is an issue of fact as to whether Chase and/or its agents satisfied its due diligence obligations under § 2923.5.  Nguyen adequately alleged facts in her First Amended Complaint that support her claim. Even then, she could have amended her complaint to provide additional facts.  The order granting dismissal of her claim for violation of § 2923.5 and the trial court's refusal to allow her leave to amend was in error.

The trial court also erred in dismissing Nguyen's claims for wrongful foreclosure, cancellation of instrument, slander of title, unfair business practices, quasi-contract and injunctive relief.  *Glaski v. Bank of America* confirms that Nguyen has a viable claim for relief for wrongful foreclosure and that the District Court's dismissal of that claim was in error.  Nguyen adequately alleged facts in her First Amended Complaint to support her claims.  And even then, could have amended her complaint to provide additional facts if allowed to do so.

The order of dismissal entered in this case was improvidently granted and based upon allegations made by the defense that were irrelevant and prejudicial. This case should be remanded with instructions to reverse the dismissal and allow Nguyen an opportunity to prove her claims.

1

**B.     The Trial Court Erred in Dismissing Nguyen's Claim for Violation Of California Civil Code § 2923.5.**

The trial court dismissed Nguyen's claim for violation of California Civil Code § 2923.5, erroneously stating that Nguyen must show that *she* undertook negotiations with Chase.  (Excerpts, at 159.)

Appellees argue that they must have satisfied its duties under Civil Code § 2923.5(a)(2) because Nguyen alleged in her First Amended Complaint that she was considered for modification.  (Answer Br., at 21-23.)  However, that does not address the actions or inactions of the lender and Appellees are silent as to what efforts were made by the lender to satisfy its requirements.  It also does not address the court's ruling that imposed a burden on Nguyen to contact the bank.  Lastly, Appellees are attempting to prove underlying facts regarding the issue, when, in fact, the issue on appeal is whether Nguyen adequately stated a claim for relief, not whether she has sufficiently proven her underlying case.  The fact that Bank of America  provided facts that controvert Nguyen's facts, does not mean that dismissal was appropriate.  It means that there is an issue of fact to be litigated. Appellees are misinterpreting the District Court's ruling.  The District Court was not discussing "Appellant's particularized allegation that JPMorgan had no beneficial interest during the time frame the modification review was underway." (Answer Br., at 22.)  The District Court imposed a burden upon Nguyen that by law is not hers.

2

Civil Code § 2923.5 precludes a trustee or mortgage servicer from recording a notice of default until 30 days after the loan servicer has made initial contact with the borrower to assess the borrower's financial situation and explore options for avoiding foreclosure, or has satisfied the due diligence requirements of the statute. (Civil Code, § 2923.5(a)(1).) Due diligence requires sending a letter by first-class mail, making three attempts to contact the borrower by telephone, and sending a certified letter if no response is received within two weeks of the telephone attempts. (Civil Code, § 2923.5(e).)

First, the trial court erred in placing the burden on Nguyen to contact the lender or its agent. The court stated in its order granting dismissal "..Plaintiff must allege that she undertook negotiations with Chase…" (Excerpts, at 159.) California Civil Code § 2923.5 places the burden upon the lender to initiate contact. It does not place the burden on the borrower. (*Id*.)

Second, Nguyen expressly alleged in her Verified First Amended Complaint that Bank of America and Chase did not perform any of the due diligence requirements pursuant to Civil Code § 2923.5. Nguyen set forth the requirements of § 2923.5 in her First Amended Complaint and stated "These Defendants did none of the above." (Excerpts, at 36-37.)

Nguyen attached to her First Amended Complaint a Notice of Default with a second page that requests that the borrower contact California Reconveyance

3

Company to discuss "alternatives other than foreclosure, which may be available to you." (Excerpts, at 88-89.)  In the trial court, Bank of America and Chase Bank sought judicial notice of a notice of default which differs markedly from the notice of default submitted by Nguyen.  (Excerpts, at 16-17.)  On the second page of that notice of default is a declaration of due diligence, which averred that "[t]he beneficiary or its designated agent declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code 2923.5, …" (*Id.*, at 17.)  But in her Verified First Amended Complaint, Nguyen stated that "Defendant Chase did not contact the designated attorney in person or by telephone, to discuss [Nguyen]'s financial condition and the impending foreclosure.  Chase did not call, it did not write, and it did not provide a toll-free HUD number to [Nguyen] or her attorney.  Chase did not offer to meet with [Nguyen] or her attorney and did not advise them that [Nguyen] had a right to request a subsequent meeting within 14 days." (Excerpts, at 35.)

It is clear here that Nguyen adequately stated a cause of action for wrongful foreclosure based on Chase's alleged noncompliance with Civil Code section 2923.5.  Nguyen alleged that defendants did not contact her or attempt to contact her with due diligence as required by the statute.  (*Id.*)  Although Bank of America and Chase sought judicial notice of a declaration regarding compliance with the statute, Nguyen submitted a notice of default that is differs from the notice of

4

default submitted by Bank of America and Chase and that does not contain a due

diligence declaration.  (Excerpts, at 17, 35.)  And in this appeal Nguyen argues

that, while judicial notice may be taken of the existence of a document such as a

declaration, accepting the truth of its contents presents an entirely different matter.

*See, e.g.*, *Intengon v. BAC Home Loans Servicing, LP*, 214 Cal.App.4th 1047

(2013).

"California Civil Code section 2923.5 requires not only that a declaration of

compliance be attached to the notice of default, but that the bank actually perform

the underlying acts (i.e., contacting the borrower or attempting such contact with

due diligence) that would constitute compliance. While judicial notice could be

properly taken of the existence of [the due diligence] declaration, it could not be

taken of the facts of compliance asserted in the declaration, at least where, as here,

[the borrower] has alleged and argued that the declaration is false and the facts

asserted in the declaration are reasonably subject to dispute."  (*Id*., *see, e.g., Joslin*

*v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374-376 (*Joslin*) [facts

disclosed in a deposition and not disputed could be considered in ruling on a

demurrer, but facts disclosed in the deposition that were disputed could not be,

since "`judicial notice of matters upon demurrer will be dispositive only in those

instances where there is not or cannot be a factual dispute concerning that which is

sought to be judicially noticed.'"].)

While the trial court here may take judicial notice of the documents submitted, it is inappropriate for the trial court to take as true the underlying statements pertaining to Chase's purported attempts to contact Nguyen.

Taking judicial notice that Bank of America, Chase or its agent actually performed certain acts that might constitute compliance with its statutory obligations, based solely on a declaration that avers compliance in a conclusory manner, would of course be vastly different than merely taking judicial notice that the declaration was signed and attached to the notice of default. At least in this case, what the bank actually did to comply with the statute is reasonably subject to dispute and cannot be judicially noticed, even though the existence of the declaration (and the legal effect of a deed of trust) is not reasonably subject to dispute and can be judicially noticed. (*See Skov v. U.S. Bank National Assn*. (2012) 207 Cal.App.4th 690, 696 (*Skov*) [where bank sought judicial notice of a notice of default declaration stating compliance with Civil Code, § 2923.5, whether the bank "complied with section 2923.5 is the type of fact that is reasonably subject to dispute, and thus, not a proper subject of judicial notice"].)

Further, even if the "facts" stated in the due diligence declaration could be the subject of judicial notice, the declaration contains only a conclusory assertion that Bank of America, Chase or its agent complied with the statute: nowhere does it state when, how, or by whom the elements of due diligence were accomplished,

6

or how the declarant knew if they were.  More importantly, the most these averments could do is create a factual dispute as to whether Bank of America, Chase or its agent complied with the statute. (*See Mabry v. Superior Court*, 185 Cal.App. 4th 208, 235-236 (Cal. App. 2010) [competing accounts as to possibility of compliance with Civ. Code, § 2923.5 created conflict in the evidence].) A demurrer is "'simply not the appropriate procedure for determining the truth of disputed facts.'" (*Joslin v. H.A.S. Ins. Brokerage*, 184 Cal.App.3d 369, 374-5 (1986); *see Skov, supra*, 207 Cal.App.4th at pp. 696-697 [assuming the truth of the plaintiff's allegations, a disputed issue of compliance with Cal. Civ. Code § 2923.5 cannot be resolved at the demurrer stage]; *see also, Barrionuevo v. Chase Bank*, 885 F.Supp.2d 964, 976-977 (N.D.Cal. 2012) [borrowers' allegation that bank did not contact them before filing the notice of default was sufficient to state a violation of Civ. Code § 2923.5, despite judicial notice taken of declaration in notice of default that asserted statutory compliance]; *Argueta v. J.P. Morgan Chase* (E.D.Cal. 2011) 787 F.Supp.2d 1099, 1107 (*Argueta*) [despite judicial notice of notice of default including declaration of compliance with Civil Code, § 2923.5, plaintiff's allegations were sufficient to preclude dismissal where plaintiffs alleged that they did not receive phone calls, phone messages, or letters before the notice of default was recorded].)

On this basis, Nguyen stated a cause of action for wrongful foreclosure

based on the purported failure to comply with Civil Code § 2923.5 before

recordation of the notice of default.  Chase is liable for its own actions.  This claim

for relief does not depend upon any issues regarding chain of title.  If Chase was

not the owner of the beneficial interest at the time the notice of sale was recorded,

then the foreclosure was void or voidable.  If Chase was the owner of the

beneficial interest, then it needed to satisfy the due diligence requirements of §

2923.5, and if it fails to do so it is liable.  For this reason, it was error to dismiss

Nguyen's claims for wrongful foreclosure and violation of § 2923.5.

Even assuming *arguendo* that Nguyen did not sufficiently state her claim,

leave to amend should have been granted so that she could allege additional facts

to support it.

## C.    Nguyen's First Amended Complaint States Facts Sufficient To State A Claim For Relief For Wrongful Foreclosure.

Bank of America and Chase argue that they had standing to foreclose upon

Nguyen's mortgage.  (Answer Br., at 23-27.)  They did not.

As so seldom occurs, on July 31, 2013, the California Court of Appeals

handed down a pertinent decision in *Glaski v. Bank of America, N.A.*, 218 Cal.App.

4th 1079 (2013)[1], which held:

---

[1] Plaintiff-Appellant filed her Corrected Opening Brief on July 5, 2013.  *Glaski v. Bank of America* was handed down on July 31, 2013.  Appellees' Answer Brief

> We conclude that a borrower may challenge the securitized trust's chain of ownership by alleging the attempts to transfer the deed of trust to the securitized trust (which was formed under N.Y. law) *occurred after the trust's closing date. Transfers that violate the terms of the trust instrument are void* under New York law, and borrowers have standing to challenge void assignments of their loans even though they are not a party to, or a third party beneficiary of, the assignment agreement.

*Glaski*, at 1083 (emphasis supplied).

Bank of America's petition for hearing was denied. In sum, Nguyen has standing to challenge whether her loan was timely transferred to the Trust and if it was not, whether Bank of America's claim is void. Here, the undisputed evidence shows that Nguyen's loan was not transferred to the trust by the PSA's Closing Date.

The *Glaski* decision is rooted in two bases and related inquiries that clarify and simplify the "authority to foreclose" question in California. First, does the borrower allege that the foreclosing party was not the beneficiary based on specific facts? Second, if borrower's claim is based on a failed assignment was the assignment void?

The facts in *Glaski* are on "all-fours" with Nguyen's case.

---

was filed on August 28, 2013. Coincidentally, AlvaradoSmith, the law firm representing Appellees in this appeal, is also the counsel representing Defendant Bank of America in *Glaski v. Bank of America*. Although Appellees had sufficient time to do so, they did not address *Glaski* in their Answer Brief.

In July 2005, Glaski purchased a home in Fresno and executed a promissory note and a deed of trust that granted WaMu a security interest in his property. The Glaski deed of trust identified WaMu as the lender and the beneficiary, California Reconveyance as the trustee, and Glaski as the borrower. (*Id*. at 1083.)

In late 2005, the WaMu Mortgage Pass-Through Certificates Series 2005-AR12 Trust was formed as a common law trust ("WaMu Trust") under New York law. The corpus of the WaMu Trust consisted of a pool of residential mortgage notes purportedly secured by liens on residential real estate. The closing date for the WaMu Trust was December 2, 2005, or 90 days thereafter. (*Id*. at 1084. This is exactly like the Trust formed here, which has a June 25, 2007 closing date.[2] (*Id*., at 1.)

Just like our case, years after the WaMu Trust closed, JPMorgan recorded an assignment of deed of trust. (*Id*. at 1083.)

As in *Glaski* where the "chain of title was broken," the Appellate Court found the assignments void. Here the chain of title is completely lacking. Not only were any assignment and deliveries done years after the Trust closed but there are numerous intervening parties (e.g. Chase Bank).

---

[2]
http://www.sec.gov/Arhives/edgar/data/1317069/00093041307005392/c49055_42 4b5.htm   Appellant asks the court to take judicial notice of this public document.

The *Glaski* Court made it clear that a borrower can challenge standing in a securitized transaction by holding:

> We reject the view that a borrower's challenge to an assignment must fail once it is determined that the borrower was not a party to, or third party beneficiary of, the assignment agreement. Cases adopting that position "paint with too broad a brush" (*Culhane v. Aurora Loan Services of Nebraska, supra*, 708 F.3d at p. 290.) Instead, courts should proceed to the question whether the assignment was void.

(*Id*. at 1095.)

The *Glaski* Court then addressed the void act of the WaMu Trust attempting to accept a loan after the closing date by stating:

> Because the WaMu Securitized Trust was created by the pooling and servicing agreement and that agreement establishes a closing date after which the trust may no longer accept loans, this statutory provision provides a legal basis for concluding that the trustee's attempt to accept a loan after the closing date would be void as an act in contravention of the trust document.

(*Id*., at 1096.)

The *Glaski* Court also addressed certain District Court rulings (none binding on this Court) that dealt with post-closing transfer arguments and distinguished them as follows:

> We are aware that some federal district courts sitting in California have rejected the postclosing date theory of invalidity on the grounds that the borrower dos not have standing to challenge an assignment between two other parties. (*Aniel v. GMAC Mortgage, LLC* (N.D.Cal., Nov. 2, 2012, No. C 12-04201 SBA) 2012 WL 5389706 [joining courts that held borrowers lack standing to assert the loan transfer occurred outside the temporal bounds prescribed by the pooling and servicing agreement]; *lmutarreb v. Bank of New York*

11

*Trust Co., N.A.* (N.D.Cal., Sept. 24, 2012, No. C 12-3061 EMC) 2012 WL 4371410.) These cases are not persuasive because they do not address the principle that a borrower may challenge an assignment that is void and they do not apply New York trust law to the operation of the securitized trusts in question.

(*Id.* at 1099.)

In sum, *Glaski* is the precise same situation as here (i.e., a trust with a closing date and efforts by the lender to assign the deed of trust years after the trust closed). Based on *Glaski*, any Bank of America, N.A. or Chase Bank interest that exists here is void and must be disallowed.

Bank of America and Chase also once again raise the tender issue. (Answer Br., at 26-27.) However, tender is not an issue in this case.

It is important to distinguish whether a foreclosure sale is void or voidable. "Tender is not required where the foreclosure sale is void, rather than voidable such as when a plaintiff proves that the entity lacked the authority to foreclose on the property." *Glaski*, at 466. Since the sale of Nguyen's was void, tender is not required.

## D. Nguyen's First Amended Complaint Alleged Facts Sufficient to State a Claim For Cancellation Of Instrument.

Nguyen alleged (1) the Note was not endorsed to Bank of America, (2) there is no assignment of the Loan from FDIC to JP Morgan, and (3) the 03/30/09 Assignment of Deed of Trust was signed as "JP Morgan Chase a successor-in-interest to Washington Mutual Bank, F.A." and such action was without authority.

(Excerpts, at 26-28.) For the same reasons that her claim for wrongful foreclosure is valid, her claim for cancellation of instruments is valid.

Civil Code § 3412 provides that "a written instrument in which there is reasonable apprehension that if left outstanding it may cause serious injury to a person who it is void or voidable, may, upon his application, be so adjusted, and ordered to be delivered up or cancelled." As is shown above in the analysis addressing *Glaski*, the foreclosure of Nguyen's property is void. If the instruments purporting to show that Bank of America or Chase has an interest in the property, that will cause injury to Nguyen and they should be cancelled.

Even though Nguyen is no longer the owner of record, she still has an interest in her claims for relief and therefore has standing to bring this claim.

Bank of America and Chase argue that "when an allegation of a complaint and an exhibit attached thereto are inconsistent, the exhibit controls." and cite *Gamble*. Once again, the purpose of a demurrer is to test the sufficiency of a plaintiff's pleading, not to make a determination of underlying issues of material fact. And also, Appellees repeatedly show that there are issues of fact, material to Nguyen's case that should be presented to a trier of fact.

In the instant case, JPMorgan executed the 03/30/09 Assignment without authority from beneficiary Washington Mutual Bank, F.A. (Excerpts, at 26-27.) As such, the purported assignment by JPMorgan was unauthorized.

13

Contrary to Appellees' argument, *Sacchi v. MERS, et al*., (2011) (U.S. Dist. Ct., CD of Cal. case no. 11-cv-1958), is pertinent here and held that "defendants are mistaken.  They filed a motion to dismiss, not a motion for summary judgment. At issue here is only whether Plaintiffs properly have stated claims for relief. Defendants' motion in certain respects is based on their efforts to disprove as factually unfounded several of Plaintiffs' allegations, but they cannot properly do so at this stage of the litigation."  The court therefore denied the motion to dismiss the cause of action for cancellation of a deed instrument.

**E.    Nguyen's First Amended Complaint Adequately States A Claim For Relief For Slander Of Title.**

Appellees also contend that Nguyen has not alleged sufficient facts to state a claim for slander of title.  (Answer Br., at 34-35.)  Despite Appellees contentions that Plaintiffs' statement of facts are merely conclusory statements, they are each support by documentation.

Also, Nguyen has shown evidence of each element of slander of title that are listed by Appellees  :  (1) publication (Appellees recorded documents), (2) absence of justification (Appellees did not have an interest in the property), (3) the recorded documents were false, and (4) Nguyen suffered direct pecuniary loss as a result. *Manhattan Loft, LLC v. Mercury Liquors, Inc.,* 173 Cal.App.4[th]1040,1051 (2009); *Seeley v. Seymour*, 190 Cal.App.3d 844, 858 (1987); *Howard v. Schaniel*, 113 Cal.App.3d 256, 263-64 (1980).

14

Nguyen has sufficiently stated her claim, and dismissal was in error.

**F.      Nguyen's First Amended Complaint Alleges Facts Sufficient To State A Claim For Injunctive Relief.**

Appellees argue that, because this is a diversity action, California's substantive law controls with regard to Nguyen's claim for injunctive relief. (Answer Br. at 36.)  This is incorrect.

Nguyen's claim for injunctive relief is based upon Federal Rule of Civil Procedure 65.  A party seeking preliminary injunctive relief under Fed.R.Civ.P. 65 must show (1) a likelihood of success on the merits, (2) a significant threat of irreparable harm, (3) that the balance of hardships favors the applicant, and (4) whether any public interest favors granting an injunction.  *Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003), *vacated and remanded on other grounds Gonzalez v. Raich*, 545 U.S. 1 (2005).

At the time Nguyen filed her Complaint, there was a strong likelihood that she would prevail in her main causes of action.  Irreparable harm would occur to Nguyen if the restraining order and/or the injunctive relief are not granted. (Excerpts, at 33-34.)  Further, an injunction postponing the foreclosure sale until the material issues had been adjudicated on the merits would not have been prejudicial to Bank of America and the other defendants.  (*Id*.)

Lastly, public policy favored granting injunctive relief to Nguyen.

Appellees also attempt to distinguish case law presented by Nguyen at is applicable to this case (Answer Br., at 38-39), however, regardless of the fact that some of the cases are from other states, they are directly pertinent to Nguyen's claims brought here.

Appellees' analysis is flawed.

**G.     Nguyen's First Amended Complaint States Facts Sufficient To State A Claim For "Quasi-Contract."**

Appellees admit that "when a person receive a benefit from another, he is required to make restitution only if the circumstance of its receipt or retention is such that a between two persons, it is unjust for him to retain it." (Answer Br., at 39.)  The First Amended Complaint alleges that since October 2008, JPMorgan has received payments from Nguyen notwithstanding that defendants' claim of ownership of the note is wrongful.  (Excerpts, at 25-26.)  As is shown by *Glaski*, Bank of America and Chase's claims were indeed wrongful.  Even then, whether it is wrongful, or not, is not within the scope of the subject motion to dismiss.

**H.     Nguyen's First Amended Complaint States Facts Sufficient To State A Claim For Unfair Business Practices.**

Appellees argue that the statute of limitations is possibly a bar to Nguyen's claims.  (Answer Br., at 41-42.)  However, this does not address the tolling of the statute of limitations.  Nguyen brought her claims within four years of the date that

16

she knew or reasonably could have known of the lenders' wrongful conduct.  it is therefore timely.

Appellees also argue that JPMorgan did not assume liability for borrower's claims relating to WaMu loans.  (Answer Br., at 43.)  However, as is shown by the Purchase and Assumption Agreement that is not correct..  As the Agreement provides:

[T]he Assuming Bank expressly assumes at Book Value .. and agrees to pay, perform and discharge, all of the liabilities of the Failed Bank which are reflect ed on the Books and records of the Failed Bank as of Bank Closing… Notwithstanding Section 4.8, the Assuming Bank specifically assumes all mortgage servicing rights and obligations of the Failed Bank.  (Supp. Excerpts of Record, at 185.)

Appellees also argue that Nguyen does not have standing to bring her claims.  (Answer Br., at 43-44.)  The California Court of Appeal also addressed that issue in *Glaski*:

> When a borrower asserts an assignment was ineffective, a question often arises about the borrower's standing to challenge the assignment of the loan (note and deed of trust)—an assignment to which the borrower is not a party.  [citations omitted].
>
> This statement implies that a borrower can challenge an assignment of his or her note and deed of trust if the defected asserted would *void* the assignment.  … We adopt this view of the law…
>
> *Glaski*, at 18.

17

## I.    Nguyen Should Have Been Granted Leave To Amend

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Fed.R.Civ.P. 15(a) empowers the court to freely grant leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment …"  *Forman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  *Intri-Plex Techs. v. Crest Grp., Inc.*, 49 F.2d 1048, 1056 (9th Cir. 2007) (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)).

Here, Nguyen's claims are sufficiently plead.  However, even if they were not, Nguyen should have been allowed leave to amend to cure any deficiencies that existed on the face of the complaint.  To summarily dismiss the First Amended Complaint without leave to amend was an abuse of discretion (even though

18

Nguyen does not need to establish abuse of discretion, she still believes that it exists here.).

## II.    CONCLUSION

The trial court erred in dismissing Nguyen's claim based upon violation of California Civil Code § 2923.5.  There is an issue of fact as to whether Chase and/or its agents satisfied its due diligence obligations under § 2923.5.  Nguyen adequately alleged facts in her First Amended Complaint that support her claim. Even then, she could have amended her complaint to provide additional allegations.  The order granting dismissal of her claim for violation of § 2923.5 and the trial court's refusal to allow her leave to amend was in error.

The trial court also erred in dismissing Nguyen's claims for wrongful foreclosure, cancellation of instrument, slander of title, unfair business practices, quasi-contract and injunctive relief.  *Glaski v. Bank of America* confirms that Nguyen has a viable claim for relief for wrongful foreclosure and that the District Court's dismissal of that claim was in error.  Nguyen adequately alleged facts in her First Amended Complaint to support her claims.  And even then, could have amended her complaint to provide additional facts if allowed to do so.

This case should be remanded with instructions to reverse the dismissal and allow Nguyen an opportunity to prove her claims.

Respectfully submitted this 1st day of November, 2013.

<u>s/Julie Cliff</u>
Julie Cliff, Esq.
Attorneys for Plaintiff-Appellant
1361 S. Winchester Blvd., Suite 111
San Jose, CA  95128
Telephone:  (719) 331-0727

20

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE
REQUIREMENTS

1. This Brief complies with the type-volume limitation of Fed. R. App. P.
   32(a)(7)(B) because this brief contains 4,564 words, excluding the parts
   of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P.
   32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)
   because this brief has been prepared in a proportionally spaced typeface
   using Microsoft Word 2010 Times New Roman 14.

<u>s/Julie Cliff</u>
Julie Cliff, Esq.
Attorneys for Plaintiff-Appellant
1361 S. Winchester Blvd., Suite 111
San Jose, CA  95128
Telephone:  (719) 331-0727

21

## III.    CERTIFICATE FOR BRIEF IN PAPER FORMAT

I, Julie Cliff, certify that this brief is identical to the version submitted electronically on November 1, 2013.

s/Julie Cliff

Julie Cliff, Esq.

Attorneys for Plaintiff-Appellant

1361 S. Winchester Blvd., Suite 111

San Jose, CA  95128

Telephone:  (719) 331-0727

## CERTIFICATE OF SERVICE

I certify that on November 1, 2013, I caused the foregoing document to be served via U.S. mail, first class, postage prepaid, addressed as follows:

Teri H. Nguyen
c/o Vince D. Nguyen, Esq.
1361 S. Winchester Blvd., Ste. 111
San Jose, CA  95128

Vince D. Nguyen, Esq.
Newton Law Group
1361 S. Winchester Blvd., Ste. 111
San Jose, CA  95128

Andrea McDonald Hicks, Esq.
Bryan Cave LLP
560 Mission St., 25th Flr.
San Francisco, CA  95105

Sung-Min Christopher Yoo, Esq.
Mariel A. Gerlt, Esq.
AlvaradoSmith
1 MacArthur Place, Suite 200
Santa Ana, CA  92707

<u>s/Julie Cliff</u>
Julie Cliff, Esq.
Attorneys for Plaintiff-Appellant
1361 S. Winchester Blvd., Suite111
San Jose, CA  95128
Telephone:  (719) 331-0727

23